**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JORGE LUIS FERNANDEZ NAVAS,** **Petitioner** | : | **No. 3:26cv1723** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **WARDEN, Pike County Correctional Facility,** **Respondent** | : | |

**MEMORANDUM ORDER**

Before the court is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Jose Luis Fernandez Navas.[1] (Doc. 1). Fernandez Navas is a native and citizen of Ecuador in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at the Pike County Correctional Facility. Id. at ECF p. 2; Doc. 1-1. He argues that he is being detained without bond in violation of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Doc. 16, Traverse, at 1). For the reasons set forth below, the petition will be granted. Fernandez Navas will be released.

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Fernandez Navas filed the instant petition while detained at Pike County Correctional Facility in Lords Valley, Pennsylvania. (Doc. 1 at ECF p. 3). The petitioner asserts that his continued detention violates the Immigration and Nationality Act and his right to due process. (Doc. 16, Traverse, at 1). Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

According to documents supplied by the respondent, Fernandez Navas is 29 years old. (Doc. 6-5 at ECF p. 4). He entered the United States on February 7, 2024 near Yuma, Arizona where he was encountered by an officer from the United States Border Patrol. (Doc. 6-2 at ECF pp. 5–6). He was initially processed for expedited removal and detained at the Eloy Detention Center due to a negative determination of credible fear by United States Citizenship and Immigration Services. Id. at ECF pp. 6–7. An immigration judge vacated that negative fear finding on or about March 20, 2024. Id. at ECF p. 6. Petitioner was then released from detention after being issued a Notice to Appear charging him with violating 8 U.S.C. § 1182(a)(6)(A)(i) as being present in the United States without being admitted or paroled. Id.

On May 10, 2026, the Allentown Police Department arrested Fernandez Navas for driving under the influence. (Doc. 6-5 at ECF p. 6). Seven days later, on May 17, 2026, ICE officers conducted a targeted operation to locate the petitioner at an Allentown residence. Id. at ECF p. 5. At 8:15 AM, an individual let the ICE officers into Fernandez's bedroom, where he was taken into custody. Id. at ECF pp. 5–6.

The Clerk of Court docketed Fernandez Navas's Section 2241 petition on June 23, 2026. (Doc. 1). The petition was dated June 15, 2026. Id. at ECF p. 9. Thereafter, ICE honored a writ of habeas corpus ad prosequendum issued by the

Lehigh County Court of Common Pleas and the petitioner was turned over to the county sheriff on or about June 18, 2026. (Doc. 10-1 at ECF p. 2). Court records indicate that the petitioner was accepted into Lehigh County's accelerated rehabilitation disposition ("ARD") program on August 25, 2026. (Doc. 16-2 at ECF pp. 2–3). He was returned to ICE custody on August 28, 2026. (Doc. 15-1). Thereafter, petitioner timely filed his traverse. (Doc. 16).

The record reflects that Fernandez Navas has spent more than 30 days in ICE custody over two periods from May 17, 2026 to the present. His detention is governed by 8 U.S.C. § 1226(a), Buele Morocho v. Warden Phila. FDC, ___ F.4th ___, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026), and not Section 1225(b)(2)(A) as the respondent has asserted. (Doc. 6). Because Section 1226(a) and its implementing regulations "require[ ]" a bond hearing, Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 278 (3d Cir. 2018), respondent is violating the INA and its implementing regulations by not providing one. See Buele Morocho, 2026 WL 2546223, at *1 (citing 8 U.S.C. § 1226(a)(2); 8 C.F.R. § 1236.1(c)(8)) ("Unlike § 1225(b)(2)(A), § 1226(a) permits discretionary release on bond pending removal proceedings so long as the noncitizen is not a danger or flight risk.").

With respect to the petitioner's due process rights, like the Buele Morocho court, this court considers the Mathews[2] factors to determine "whether detention without bond of noncitizens who have lived in the United States for extended periods of time with no criminal records violates due process." Id. at *9–10. As to the first factor, "the private interest that will be affected by the official action," the Buele Morocho court held that "mandatory detention implicates [the] 'constitutionally protected interest in avoiding physical restraint.'" Id. at *9 (quoting Mathews, 424 U.S. at 335; Kansas v. Hendricks, 521 U.S. 346, 356 (1997) (citations omitted)). And so, it does here.

The second factor concerns "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Id. (quoting Mathews, 424 U.S. at 335). The Buele Morocho court found such risk exists in situations like here, because of "the absence of an opportunity for a neutral decisionmaker to assess" the dangerousness or flight risk of a defendant. Id.

As to the third factor, "the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," id. (quoting Mathews, 424 U.S. at 335), the court held that the "legitimate interest in preventing the release of

[2] Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

dangerous noncitizens and those who might fail to appear at future hearings does not outweigh the other two factors here, particularly when [the] non-criminal individuals were detained absent evidence that either is dangerous or a flight risk, and the Government has not argued that bond hearings are unduly burdensome." Id. at *10 (citation modified).

On this third factor and the ultimate disposition of this habeas petition, the charge of driving under the influence is not to be minimized. "No one can seriously dispute the magnitude of the drunken driving problem or the States' interest in eradicating it. Media reports of alcohol-related death and mutilation on the Nation's roads are legion." Mich. Dep't of State Police v. Sitz, 496 U.S. 444, 451 (1990).

Nonetheless, Fernandez Navas has been accepted into a county court ARD program. "ARD is a pretrial disposition . . . which suspends formal criminal proceedings before conviction and provides the accused with certain rehabilitative conditions, the completion of which results in the dismissal of the pending criminal charges and a clean record for the defendant." J.F. v. Dep't of Hum. Servs., 245 A.3d 658, 661–62 (Pa. 2021). It is not a criminal conviction. Whalen v. Com., Dep't of Transp., Bureau of Driver Licensing, 32 A.3d 677, 681 (Pa. 2011). Rather, the Supreme Court of Pennsylvania "has recognized that the basis for the creation of the ARD program was the belief that certain 'cases

which are relatively minor or which involve social or behavioral problems . . . can best be solved by programs and treatments rather than by punishment.'" Commonwealth v. Shifflett, 335 A.3d 1158, 1172 (Pa. 2025) (quoting Commonwealth v. Lutz, 495 A.2d 928, 931 (1985)). Accordingly, Petitioner's DUI charges and ARD disposition are not indications that he poses an ongoing danger to the community. See Lutz, 495 A.2d at 307 ("society, for its own protection, has an interest in carrying out the penalties prescribed by the legislature for drunk driving, except in the cases where even society's representative in the case, the district attorney, acting in conjunction with the court . . . determines that ARD is preferable to conviction because of the strong likelihood that a given criminal defendant will in fact be rehabilitated by an ARD program."). Further, under Pennsylvania law, ARD requires six to twelve months of court supervision while a person is in that program to ensure compliance with program requirements. 75 PA. CONS. STAT. § 3807(b). Fernandez Navas is due for twelve months of supervision in the Lehigh County Court of Common Pleas. (Doc. 16-2 at ECF p. 2–3). In the eyes of the Commonwealth, he is not a danger to the community.

There is also no evidence that Fernandez Navas is a flight risk. Despite his DUI charge, petitioner did not flee Allentown. He did not resist ICE officers at the

time of arrest. Further, there is no evidence that he failed to appear at any immigration proceedings in the past or shirked any required ICE check-ins.

Weighing the Mathews factors, the failure to provide Fernandez Navas with a bond hearing violated his right to procedural due process. Buele Morocho, 2026 WL 2546223, at *10. Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008).

In this case, only immediate release will remedy the due process violation. The government will also be temporarily enjoined from re-arresting Fernandez Navas for a period of seven days to ensure the effectiveness of the habeas remedy. The government may also not impose additional conditions on Fernandez Navas's release, including any form of body-worn electronic monitoring, unless those conditions were in place prior to detention.

Consequently, it is hereby **ORDERED** that:

1) Jose Luis Fernandez Navas's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;

2) The government shall immediately release Fernandez Navas from its custody;

3) On or before September 18, 2026, the government shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Fernandez Navas has been released;

4) The government shall release Fernandez Navas under the same conditions that existed prior to his detention, including release: (1) in an area where the petitioner resides or where he has access to means of interstate transportation; (2) without the imposition of additional conditions; (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondent or by any contracted or affiliated facility;

5) The government is temporarily enjoined from re-arresting Fernandez Navas for a period of 7 days to ensure that this habeas remedy is effective; and

6) The Clerk of Court is directed to **CLOSE** this case.

Date: 9/17/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court